## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVSION

| | | |
|---|---|---|
| **ADAM DAVID LYND,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **5:16-cv-326** |
| **DEUTSCHE BANK NATIONAL TRUST** | § | |
| **COMPANY, AS TRUSTEE FOR** | § | |
| **SOUNDVIEW HOME LOAN TRUST** | § | |
| **SERVICING AGREEMENT DATED 2005-** | § | |
| **OPT3, ASSET-BACKED CERTIFICATES,** | § | |
| **SERIES 2005-OPT3,** | § | |
| | § | |
| **Defendant.** | § | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), Defendant DEUTSCHE BANK NATIONAL TRUST

COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2005-OPT3, ASSET-

BACKED CERTIFICATES, SERIES 2005-OPT3 ("Deutsche" or "Defendant") files this Notice

of Removal of a state court action which was pending in the District Court of Bexar County,

Texas, 37th Judicial District, Case No. 2016-CI-03824. In support of this Notice of Removal,

Defendant states as follows:

### INTRODUCTION

On March 3, 2016, Plaintiff Adam David Lynd ("Plaintiff") filed suit in the 37th Judicial

District Court, Bexar County, Texas, styled *Adam David Lynd v. Deutsche Bank National Trust*

*Company, as Trustee for Soundview Home Loan Trust 2005-OPT3, Asset-Backed Certificates,*

*Series 2005-OPT3*, Cause No. 2016-CI-03824 (the "Petition"), asserting claims against

Defendant for declaratory relief.  *See* **Exhibit A-2**, Petition.

Deutsche has not yet been served in this case. Because Deutsche has not yet been served, the removal period has not begun to run, and removal is timely under 28 U.S.C. § 1446(b). Defendant files this Notice of Removal, which sets forth the claims for relief upon which this removal is based, within thirty (30) days of any proper service of citation or Petition.

## GROUNDS FOR REMOVAL: DIVERSITY

This case is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. § 1441, *et seq.*, Defendant may remove this case to this Court because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between Plaintiff and Defendant, as more fully demonstrated below:

1.      For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).  "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Plaintiff is a resident of Texas residing in Bexar County, Texas. *See* Petition at 2. Plaintiff admits to residing in Texas in the Petition. *See* Petition at 2. Therefore, upon information and belief, Plaintiff is domiciled in and a citizen of Texas.

2.      Deutsche is the trustee for Soundview Home Loan Trust 2005-OPT3, Asset Backed Certificates, Series 2005-OPT3. The court looks to the citizenship of the trustee to determine the citizenship of the trust. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464-65, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980). Therefore the court looks to Deutsche Bank to determine the citizenship of Soundview Home Loan Trust 2005-OPT3, Asset Backed Certificates, Series 2005-OPT3. Deutsche Bank is a national banking association with its principal office in New York, therefore it is a citizen of New York for purposes of diversity jurisdiction. 28 U.S.C. § 1348; *Wachovia*

*Bank v. Schmidt*, 546 U.S. 303, 306-07 (2006); *see also Allen v. Wash. Mut. Bank,* 2015 U.S. Dist. LEXIS 92231, *9 (W.D. Tex. July 16, 2015).

3.      Therefore, complete diversity exists because Plaintiff is a resident citizen of Texas and Deutsche is a citizen of New York.

4.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff states and alleges in his Petition that he seeks "monetary relief over $100,000 but not more than $200,000." Petition at 1. For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). Thus, the amount in controversy is met by virtue of Plaintiff's allegations in this action.

5.      Moreover, the Bexar Central Appraisal District lists the 2015 assessed value of 25 Stratton Lane, San Antonio, Texas 78257 (the "Property") as $581,000. *See* **Exhibit A-3.** In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977). The purpose of the injunctive and declaratory relief, to stop the foreclosure sale of the Property by Defendant, establishes the Property as the object of the present litigation. As the Fifth Circuit has explained, "the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d

727, 729 (5th Cir. 1983); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. Tex. 2013). Here, Plaintiff's claimed injury is the potential loss of use and ownership of the Property. In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy. *Farkas v*, 737 F.3d at 341; *see also Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973). Under any reasonable basis for valuing the properties, whether purchase price, market value, or outstanding principal and interest, the amount in controversy threshold is exceeded and federal subject-matter jurisdiction exists. Thus, the amount in controversy threshold is met for diversity jurisdiction.

6.      The above-captioned case is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b), because this action is wholly between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7.      Under 28 U.S.C. § 1441(a), removal of this action to this Court is proper as the Western District of Texas, San Antonio Division includes Bexar County, Texas, where this suit was filed and is pending.

8.      As required by 28 U.S.C. § 1446(a), a copy of (i) all executed process, pleadings, and orders served on Defendant, (ii) the state court docket sheet, and (iii) all documents filed in state court are attached to this Notice of Removal.  *See* Index of Removal Documents attached hereto as **Exhibit A**.    A separately signed Corporate Disclosure Statement is being filed contemporaneously with this Notice of Removal.

9.      Defendant will give the Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

WHEREFORE, in accordance with the requirements set forth in 28 U.S.C. §§ 1331, 1441, and 1446, Defendants respectfully request that this Court to take jurisdiction over this action, having properly and timely removed this action from the 37th Judicial District Court of Bexar County, Texas, to this Court.

Respectfully submitted,

**DYKEMA COX SMITH**

*/s/ Brett W. Schouest*
Brett W. Schouest (17807700)
bschouest@dykema.com
DYKEMA COX SMITH
Weston Centre
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Fax: (210) 226-8395

Gemma R. Galeoto (24061047)
ggaleoto@dykema.com
DYKEMA COX SMITH
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 462-6400
Fax: (214) 462-6401

**ATTORNEYS FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2005-OPT3, ASSET-BACKED CERTIFICATES, SERIES 2005-OPT3**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on April 1, 2016, via first class mail to the following parties:

Alan Braun
Jeffrey R. Davis
Adam Poncio
DAVIS LAW FIRM
10500 Heritage Dr. Suite 102
San Antonio, Texas 78216

*/s/ Gemma R. Galeoto*
Gemma R. Galeoto