IN THE UNITED SATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ADAM DAVID LYND, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> DEUTSCHE BANK NATIONAL § <br> TRUST COMPANY, AS TRUSTEE § <br> FOR SOUNDVIEW HOME LOAN § <br> TRUST 2005-OPT3, ASSET-BACKED § <br> CERTIFICATES, SERIES 2005- § <br> OPT3 § <br> Defendant. § | CIVIL ACTION NO. <br> 5:16-CV-00326-OLG |

## PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff, Adam Davis Lynd, files this First Amended and against Defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2005-OPT3, ASSET-BACKED CERTIFICATES, SERIES 2005-OP53 by OCWEN LOAN SERVICING, LLC (hereinafter "Deutsche Bank" or "Defendant"), and any other interested parties, seeking declaratory relief and damages. In support thereof, Plaintiff would show unto the Court the following:

### A. DISCOVERY-CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit does not fall under the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff requests injunctive relief and monetary relief in excess of $100,000.00

### B. RELIEF

2.     Plaintiff seeks monetary relief over $100,000 but not more than $200,000. Tex. R. Civ. P. 47(c)(3) and non-monetary relief.

## C. PARTIES

3. Plaintiff is Adam David Lynd. Mr. Lynd is a resident of Bexar County.

4. Defendant Deutsche Bank is a foreign corporation licensed to do business in Texas and may be served by serving its registered agent for service of process CT Corporation System, 350 N. St. Paul St., Ste. 2900. Deutsche Bank claims to be the mortgage holder for the property that is the subject of this suit. Defendant has previously been served and appeared in this matter.

## E. FACTS AND REQUEST FOR DECLARATORY RELIEF

5. This suit concerns a home equity loan on the property at 25 Stratton Lane San Antonio TX, 78257.

6. Plaintiff and his now ex-wife Angela Lynd signed a Home Equity Adjustable Rate Note, and Deed of Trust, which governs the relationship between them and Defendant Deutsche Bank.

7. On September 23, 2015, Defendant Deutsche Bank National Trust filed an application for an expedited order under Rule 736 on a home equity loan against Plaintiff Adam David Lynd.

8. Since the signing of the note, Mr. and Mrs. Lynd have divorced and Mr. Lynd has assumed sole possession of the property at 25 Stratton Lane.

9. Plaintiff believes the application for foreclosure filed by Defendant misstates the amount of the debt owed by Mr. Lynd under the terms of the Home Equity Adjustable Rate Note, and he now seeks a declaratory judgment determining his rights and status under the agreement.

10. Additionally, it is believed the application that was filed by Defendant fails to give Mr. Lynd proper credit for payments that have been made and Plaintiff seeks a declaratory

judgment as to his standing under the Home Equity Adjustable Rate Note and Deed of Trust.

11. If the Court allows a foreclosure proceeding to go forward then Plaintiff may lose his residence in Bexar County and any equity that may exist in the property.

12. Chapter 37 of the Texas Civil Practice and Remedies Code states in relevant part, "A person interested under a…written contract…or whose rights, status, or other legal relations are affected by a…contract…may have determined any question of construction or validity arising under the…contract…and obtain a declaration of rights, status, or other legal relations thereunder." *Tex. Civ. Prac. & Rem. §37.004.*

13. Mr. Lynd now asks this court to declare the status of the parties under the Home Equity Adjustable Rate Note, and Deed of Trust.

14. Mr. Lynd has retained an attorney to represent him in this action and has agreed to pay his attorney reasonable and necessary attorney's fees. An award of reasonable and necessary costs and attorney's fees to Plaintiff would be equitable and just, and is therefore requested and authorized under Tex. Civ. Prac. & Rem. Code Ann. § 37.009.

### F. ATTORNEY FEES

15. Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining counsel. Therefore, Plaintiff seeks all reasonable and necessary attorney fees in this case which would include at least the following:

   A. Preparation and trial of the claim, in an amount the jury deems reasonable.

   B. Post-Trial, pre-appeal legal services, in an amount the jury deems reasonable.

   C. An appeal to the Court of Appeals, in an amount the jury deems reasonable.

   D. Making or responding to an application for Writ of Error to the Supreme Court of Texas, and attorney's fees in the event that application for Writ of Error is granted, in an amount

the jury deems reasonable, and,

E. Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## J. PRAYER

13. Therefore, Plaintiff respectfully requests judgment as follows:

- A declaration of the rights and status of the parties to the Home Equity Adjustable Rate Note and Deed of Trust.

- For Plaintiff's reasonable and necessary costs and attorney's fees.

- For any other relief to which Plaintiff is entitled, including declaratory relief and damages.

/s/Alan Braun_____
**ADAM PONCIO**
State Bar No. 16109800
**THOMAS N. CAMMACK, III**
State Bar No. 24073762
**ALAN BRAUN**
State Bar No. 24054488

**PONCIO LAW OFFICES**
**A Professional Corporation**
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229-3550
Telephone:      (210) 212-7979
Facsimile: (210) 212-5880

**ATTORNEYS FOR PLAINTIFF**