IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ADAM DAVID LYND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | CIVIL ACTION NO. |
| COMPANY, AS TRUSTEE FOR | § | 5:16-CV-00326-OLG |
| SOUNDVIEW HOME LOAN TRUST 2005- | § | |
| OPT3, ASSET-BACKED CERTIFICATES, | § | |
| SERIES 2005-OPT3, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED PETITION AND BRIEF IN SUPPORT**

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2005-OPT3, ASSET-BACKED CERTIFICATES, SERIES 2005-OPT3 ("Deutsche" or "Defendant") files this Motion to Dismiss Plaintiff Adam David Lynd's ("Plaintiff") First Amended Petition, and would respectfully show as follows:

### I.   SUMMARY

Plaintiff's First Amended Petition (Doc. No. 10-1) is substantially the same as his Original Petition (Doc. No. 1-5) and still fails to state a claim upon which relief can be granted. Plaintiff has still failed to show any claim that can be sustained in this Court. Defendant's Motion to Dismiss should be granted.

Plaintiff filed his Original Petition in Bexar County, Texas on March 3, 2016. *See* Doc. No. 12-2. Plaintiff did not formally or properly serve Defendant. Defendant later learned of the suit and removed to this Court on April 1, 2016. Doc. No. 1.

Plaintiff generally claims that Defendant "misstates the amount of the debt owed" and

Defendant has not "given Mr. Lynd proper credit for payments he has made, have not reflected the alleged proper amounts due, have not credited all payments and are not proper parties entitled to the relief sought. . ." Doc. No. 10-1, p.2-3. These are exactly the same allegations proposed in the Original Petition. These conclusory allegations are unsupported by any facts in the First Amended Petition, and Plaintiff's First Amended Petition should be dismissed in its entirety.

On August 10, 2005, Plaintiff and wife Angela K. Lynd executed a Deed of Trust to Option One Mortgage Corporation in the amount of $800,000, securing the property located at 25 Stratton Lane, San Antonio, Texas 78257 (the "Property"). *See Exhibit A*, *Deed of Trust*.[1] On July 28, 2015, the Deed of Trust was conveyed to Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPT3, Asset-Backed Certificates, Series 2005-OPT3, via Assignment recorded as document number 20150146650 in the real property records of Bexar County, Texas. *See Exhibit B, Assignment*.

Plaintiff and Angela K. Lynd defaulted on the Deed of Trust. Subsequently, on September 23, 2015, Defendant filed an Application for an Expedited Order under Rule 736 on a Home Equity Loan (the "Application"), as cause number 2015CI16151 in the 407th Judicial District Court, Bexar County, Texas. *See Exhibit C, Application*.[2] Defendant attached an Affidavit to the Application, which indicated that Plaintiff was in default, and the total amount to cure the default as of September 4, 2015, was $92,795.50. *See Exhibit C, Application,* at 3.

---

[1] Defendants request that this Court take judicial notice of documents filed in the real property records of Bexar County, Texas, in particular the Deed of Trust and Assignment. *See Kingman Holdings, LLC v. IMortgage.com, Inc.*, 2015 U.S. Dist. LEXIS 35387, *6 (W.D. Tex. Mar. 20, 2015)(The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint); *see also Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The district court may also take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

[2] Defendants request that this Court take judicial notice of the pleadings filed in the court records of Bexar County, specifically Cause No. 2015-CI-16151. *See Sepulvado v. Jindal*, 739 F.3d 716, 719 (5th Cir. Dec. 23, 2013) ("We may take judicial notice of another court's judicial action. . . . [T]he fact that a judicial action was taken is indisputable and is therefore amenable to judicial notice…").

Plaintiff then filed the present suit, which Defendant removed and now files this Motion to Dismiss. Plaintiff offers no more than conclusory allegations to refute the verified Application, and does not provide any facts to indicate his basis for the allegation that payments were misapplied. Broad conclusory statements are not sufficient to state a claim, and Plaintiff's First Amended Petition must be dismissed.

## II.   ARGUMENT AND AUTHORITIES

### (a)   Applicable Legal Standard.

Plaintiff is required to put Defendant on notice of the claims filed against it. To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Lamb v. Wells Fargo Bank*, 2012 U.S. Dist. LEXIS 72856, *5-6 (N.D. Tex. May 24, 2012).

### (b)   Plaintiff Fails To State A Claim.

Plaintiff's First Amended Petition does nothing but repeat the allegations in the Original Petition, namely that Plaintiff "believes the application for foreclosure filed by Defendant

misstates the amount of the debt owed…" Doc. No. 10 at 4, ¶ 11. Plaintiff does not, however, state any facts in support of this broad statement.

Plaintiff does not state any cause of action, but simply requests declaratory relief. As Defendant pointed out, and Plaintiff failed to refute, declaratory relief is not a stand-alone claim. When declaratory judgment is pleaded alongside another cause of action, the request for declaratory judgment should be construed as a theory of recovery predicated upon the accompanying claim. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996) ("The Texas Uniform Declaratory Judgments Act . . .is merely a procedural device; it does not create any substantive rights or causes of action."); s*ee, e.g., Scott v. Bank of Am.*, No. SA:12-CV-917-DAE, 2013 U.S. Dist. LEXIS 61113, 2013 WL 1821874, at *9 (W.D. Tex. Apr. 29, 2013) (dismissing request for declaratory judgment where accompanying claims fail); *Marsh v. JPMorgan Chase*, 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012). Because Plaintiff has provided no underlying cause of action, his request for declaratory relief, and his Petition, must be dismissed.

### (c)     Plaintiff is not entitled to attorney's fees.

Because Plaintiff has not stated a claim for relief, he is likewise not entitled to attorney's fees. *See Lusk v. Wells Fargo Bank, Nat'l Ass'n*, 2012 U.S. Dist. LEXIS 70382, 2012 WL 1836342, at *6 (E.D. Tex. May 21, 2012); *Franklin v. BAC Home Loans Servicing, LP*, 2012 U.S. Dist. LEXIS 93719, *35 (N.D. Tex. June 6, 2012).

### III.     CONCLUSION AND PRAYER

WHEREFORE, Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2005-OPT3, ASSET-BACKED CERTIFICATES, SERIES 2005-OPT3 respectfully requests that Plaintiff's Petition be dismissed

with prejudice. Defendant further requests such other relief, in law or in equity, to which it is entitled.

>Respectfully submitted,
>
>**DYKEMA COX SMITH**
>
>*/s/ Gemma R. Galeoto*
>Brett W. Schouest (17807700)
>Lead Attorney
>bschouest@dykema.com
>DYKEMA COX SMITH
>Weston Centre
>112 E. Pecan Street, Suite 1800
>San Antonio, Texas 78205
>Telephone: (210) 554-5500
>Fax: (210) 226-8395
>
>Gemma R. Galeoto (24061047)
>ggaleoto@dykema.com
>DYKEMA COX SMITH
>Comerica Bank Tower
>1717 Main Street, Suite 4200
>Dallas, Texas 75201
>Telephone: (214) 462-6400
>Fax: (214) 462-6401
>
>**ATTORNEYS FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2005-OPT3, ASSET-BACKED CERTIFICATES, SERIES 2005-OPT3**

### **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served via ECF, in accordance with the Federal Rules of Civil Procedure on June 1, 2016, to all counsel of record.

>*/s/ Gemma R. Galeoto*
>Gemma R. Galeoto