UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
SEP 15 2016
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

ADAM DAVID LYND,  )
              )
    *Plaintiff*,   )
              )
v.            )   Civil No. 5:16-CV-326-OLG
              )
DEUTSCHE BANK NATIONAL TRUST   )
COMPANY, as trustee for Soundview Home  )
Loan Trust 2005-OPT3,   )
              )
    *Defendant*.   )

## ORDER

This case is before the Court on Defendant's motion to dismiss Plaintiff's First Amended Petition (docket no. 15). Plaintiff has filed a Response (docket no. 17) and Defendant has filed a Reply (docket no. 18). The Court has reviewed the arguments raised by the parties in light of the record and the applicable law and concludes that Defendant's motion to dismiss (docket no. 15) should be GRANTED for the reasons set forth below.

### Background

Defendant filed an Application for Expedited Order under Rule 736 of the Texas Rules of Civil Procedure (Rule 736 application) against Plaintiff and Angela K. Lynd in the 407th Judicial District Court of Bexar County in September 2015. Docket no. 15-3. Plaintiff filed his Original Petition in the 37th Judicial District Court of Bexar County on March 3, 2016. Docket no. 1-5. County court records show that, shortly after Plaintiff filed his Original Petition, Defendant's Rule 736 application was voluntarily dismissed, presumably pursuant to Tex. R. Civ. P. 736.11.[1] Defendant thereafter removed Plaintiff's Original Petition to this Court and filed an Original

---

[1] Orders in Rule 736 proceedings are "without prejudice and ha[ve] no res judicata, collateral estoppel, estoppel by judgment, or other effect in any other judicial proceeding." Tex. R. Civ. P. 736.9.

Counterclaim and Third Party Claim for Judicial Foreclosure and a Motion to Dismiss Plaintiff's Original Petition for failure to state a claim. Docket nos. 1; 3; 4. The Court granted Plaintiff's subsequent request to amend his Original Petition, and Plaintiff filed his First Amended Petition (amended complaint) on May 26, 2016. Docket no. 14. Like his Original Petition, Plaintiff's amended complaint alleges that Defendant's Rule 736 application misstated the amount of Plaintiff's debt and failed to credit Plaintiff for payments that he has made, and, citing Section 37.004 of the Texas Civil Practice and Remedies Code, seeks "[a] declaration of the rights and status of the parties to the Home Equity Adjustable Rate Note and Deed of Trust" as well as attorney's fees. Docket no. 14 at ¶¶ 9-10, 12-14.

Defendant has moved to dismiss Plaintiff's amended complaint for failure to state a claim, arguing that Section 37.004 is a procedural device but does not create any substantive rights or causes of action, and that Plaintiff has failed to state a cause of action. Docket no. 15 at 3-4. In his response, Plaintiff argues that, under the Supreme Court's holding in *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002), "a plaintiff is not required to plead facts supporting each and every element of [its] claim or legal theory," and that Plaintiff's cause of action is that "Plaintiff has an interest in the ownership of the property at issue as well as equity in that property which would be lost should Defendant foreclose on the property and sell it." Docket no 14 at ¶¶ 6, 12. Plaintiff's amended complaint is substantially identical to his Original Petition, and Defendant's post-amendment motion to dismiss raises the same arguments as its pre-amendment motion to dismiss. Docket nos. 1-5; 4; 14; 15. Plaintiff has not requested leave to further amend his complaint in the event that Defendant's motion to dismiss is granted.

## Legal Standards & Analysis

Under Federal Rule of Civil Procedure 8(a), a complaint is considered well pleaded if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"

Rule 12(b)(6) provides that a complaint may be dismissed if it "fails to state a claim upon which relief can be granted[.]" In order to state a plausible claim to relief, the complaint must include "allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory[.]" *Twombly*, 550 U.S. at 562. Those allegations may be "either direct or inferential[.]" *Id.* Throughout the Rule 12(b)(6) analysis, "[t]he complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff." *Morgan v. Swanson*, 659 F.3d 359, 370 n.17 (5th Cir. 2011) (en banc) (quoting *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005)). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions" or a complaint that does not "state a plausible claim to relief[.]" *Iqbal*, 556 U.S. at 678-79.

When considering a motion to dismiss, courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint" and may also consider "matters of which a court may take judicial notice[,]" including pleadings and court proceedings in state court that are public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *330 Cedron Trust v. Citimortgage, Inc.*, No. SA-14-CV-933-XR, 2015 WL 1566058, at *2 (W.D. Tex. Apr. 8, 2015). If the Court considers other materials, it must treat the motion as one for summary judgment under Fed. R. Civ. P. 56, and must afford the parties a reasonable opportunity to present all material pertinent to the motion. Fed. R. Civ. P. 12(d).

The Texas Uniform Declaratory Judgments Act, codified at Tex. Civ. Prac. & Rem Code § 37.001 *et seq.*, "is merely a procedural device; it does not create any substantive rights or causes of action." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746,

752 n.3 (5th Cir. 1996); *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621-22 (Tex. 2011) ("the UDJA does not enlarge the trial court's jurisdiction but is merely a procedural device for deciding cases already within a court's jurisdiction.") (internal quotation marks omitted).

Because Section 37.004 does not provide Plaintiff with a cause of action and Plaintiff has not articulated any other cause of action, the Court finds that Defendant's motion to dismiss should be granted. The claims that Plaintiff attempts to raise—that Defendant misstates the amount of his debt and has failed to credit him for payments that he has made—may present defenses to Defendant's foreclosure attempt, which Defendant's counterclaim has brought before this Court, docket no. 3, but Plaintiff has not shown that they constitute an independent cause of action. *Twombly*, 550 U.S. at 555 ("The pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action") (internal quotation marks and alterations omitted).

## Conclusion

It is therefore ORDERED that Defendant's Motion to Dismiss Plaintiff's First Amended Petition (docket no. 15) is GRANTED.

SIGNED this 15 day of September, 2016.

_____
ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE