IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ADAM DAVID LYND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | CIVIL ACTION NO. |
| COMPANY, AS TRUSTEE FOR | § | 5:16-CV-00326-OLG |
| SOUNDVIEW HOME LOAN TRUST 2005- | § | |
| OPT3, ASSET-BACKED CERTIFICATES, | § | |
| SERIES 2005-OPT3, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## AND BRIEF IN SUPPORT

Defendant/Counter Plaintiff DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2005-OPT3, ASSET-BACKED CERTIFICATES, SERIES 2005-OPT3 ("Deutsche" or "Defendant/Counter Plaintiff"), files this Motion for Summary Judgment and Brief in Support against Plaintiff/Counter Defendant Adam David Lynd ("Mr. Lynd") and Third-Party Defendant Angela K. Lynd ("Ms. Lynd") (together, the "Lynds") and would respectfully show the Court as follows:

### I. SUMMARY OF ARGUMENT

Defendant is entitled to an order of judicial foreclosure. The Lynds have defaulted on their obligations under the Note and Security Instrument, and Deutsche has established that it is entitled to an order allowing judicial foreclosure.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

A. **Procedural History**

Plaintiff/Counter Defendant Adam David Lynd filed the present action, which Defendants removed to this Court on April 1, 2016. Doc. No. 1. Deutsche filed a Counterclaim for Judicial Foreclosure against Plaintiff/Counter Defendant Adam David Lynd and Third-Party Defendant Angela K. Lynd on April 7, 2016. Doc. No. 3. Deutsche and Co-defendant Ocwen Loan Servicing, LLC ("Ocwen") also filed a Motion to Dismiss and Brief in Support against Mr. Lynd's Original Petition on April 7, 2016. Doc. No. 4. In response, Mr. Lynd amended his Petition, filing a First Amended Complaint that was largely identical to the Original Petition. Doc. No. 14. Deutsche and Ocwen filed a Motion to Dismiss Mr. Lynd's First Amended Complaint on June 1, 2016. Doc. No. 15. Neither Mr. Lynd nor Ms. Lynd responded to Deutsche's Counterclaim/Third-Party Claim.

This Court granted Deutsche and Ocwen's Motion to Dismiss on September 15, 2016. Doc. No. 19. Thus, the only remaining claim is Deutsche's Counterclaim/Third-Party Claim for judicial foreclosure. Deutsche brings this Motion to resolve those claims.

B. **Background**

On August 10, 2005, the Lynds executed a Home Equity Adjustable Rate Note ("Note") in the principal amount of $800,000. *See* **Exhibit A,** Note. [1] Concurrently with the Note, the Lynds executed a Deed of Trust ("Deed of Trust"), securing the Note to the Property located at

---

[1] Deutsche requests that this Court take judicial notice of documents filed in the real property records of Bexar County, Texas (in particular, the Deed of Trust and Assignment), and also documents central to the claims at issue (in particular, the Note). *See Kingman Holdings, LLC v. IMortgage.com, Inc.*, 2015 U.S. Dist. LEXIS 35387, *6 (W.D. Tex. Mar. 20, 2015)(The court may also consider any documents attached to the complaint and any documents attached to the motion that are central to the claim and referenced by the complaint); *see also Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The district court may also take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

25 Stratton Lane, San Antonio, Texas 78257 (the "Property")(the Note and Deed of Trust, together, the "Loan"). *See* **Exhibit B,** Deed of Trust. On July 28, 2015, the original lender under the Deed of Trust assigned the Deed of Trust to Deutsche. *See* **Exhibit C,** Assignment of Deed of Trust. The Lynds subsequently defaulted on the Loan, and are currently due for the payment due December 1, 2014. *See* **Exhibit D**, Application. All required notices regarding default and acceleration were sent to the Lynds. *See* **Exhibit D**, Application. After the Lynds failed to cure their default, Deutsche filed an Application for an Expedited Order Under Rule 736 on a Home Equity Loan (the "Application") on September 23, 2015, under Cause No. 2015CI16151 in Bexar County, Texas, seeking to foreclosure pursuant to Texas Rule of Civil Procedure 736. A copy of the Application is attached hereto as **Exhibit D**.[2]

To stay the Application, Mr. Lynd filed his Original Petition and Request for Disclosure against Deutsche and Ocwen, styled Cause No 2016-CI03824 in Bexar County, Texas.[3] The filing of that suit automatically dismissed the Application by operation of law. Deutsche timely removed the suit to this Court. Doc. No. 1. After removing to this Court, Deutsche and Ocwen filed a Motion to Dismiss and Brief in Support (Doc. No. 4) and a Counterclaim/Third-Party Claim against the Lynds for Judicial Foreclosure (Doc. No. 3), on April 7, 2016. Mr. Lynd responded to the Motion to Dismiss by moving for leave to amend. Doc. No. 10,11. The Lynds did not file an answer or otherwise respond to the Counterclaim/Third-Party Claim. Mr. Lynd filed a First Amended Complaint on May 26, 2016, asserting largely the same allegations present in the Original Petition. Doc. No. 14. In response, Deutsche and Ocwen filed a Motion to

---

[2] Deutsche requests that this Court take judicial notice of the pleadings filed in the court records of Bexar County, specifically Cause No. 2015-CI-16151. *See Sepulvado v. Jindal*, 739 F.3d 716, 719 (5th Cir. Dec. 23, 2013) ("We may take judicial notice of another court's judicial action. . . . [T]he fact that a judicial action was taken is indisputable and is therefore amenable to judicial notice…").

[3] Deutsche requests that this Court also take judicial notice of Cause No. 2016CI03824, filed on March 3, 2016 in Bexar County, Texas.

Dismiss Plaintiff's First Amended Petition on June 1, 2016. Doc. No. 15. The Motion to Dismiss was granted on September 15, 2016. Doc. No. 19. The Counterclaim/Third-Party Claim remains pending. Because this is a home equity loan and an order of foreclosure is required in order to proceed with foreclosure, Deutsche files this its Motion for Summary Judgment and respectfully asks this Court to grant the Counterclaim/Third-Party claim and issue an order allowing foreclosure of the Property.[4]

### III. ARGUMENT AND AUTHORITIES

A.  **Applicable Legal Standard.**

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). The party seeking summary judgment bears the initial burden of "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. "When the moving party has carried its burden [ ], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348 (1986) (citation omitted). "The non-moving party also may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Id.*

B.  **Summary Judgment Should Be Granted On Deutsche's Counter-Claim For Breach of Contract/Judicial Foreclosure.**

A debt now exists that is owed by the Lynds. The Deed of Trust secures a valid lien on the Property. *See* Exhibit A. Deutsche complied with its obligations under the Loan. The Lynds

---

[4] Deutsche incorporates by reference the arguments made in its Motion to Dismiss (Doc. No. 15).

breached their obligations under the Loan by failing to make payments. As of September 4, 2015, the amount required to cure the default on the Loan was $92,795.50, and the amount required to pay off the Loan was $792,900.79. *See* Exhibit D at pp 2-3. That amount has increased over the past year. The Lynds are in default for failure to make the payments required under the Loan when, and as, due. The requisite notices of demand to cure the default, intent to accelerate, and acceleration of the loan maturity of the debt have been given to all necessary parties in accordance with the Deed of Trust, Section 51.002 of the Texas Property Code, and applicable law. *See* Exhibit D.

As a result of the Lynds' default, Deutsche has been damaged in the amount of the entire outstanding balance of the Loan, plus any and all other lawful charges that are secured by the Security Instrument. *See* Exhibit D. Deutsche seeks foreclosure of the lien created by the Deed of Trust executed to secure the Lynds' obligations under the Note. Deutsche seeks an order to sell the Property at a foreclosure sale.

Pursuant to the terms of the Loan and Texas Rule of Civil Procedure 309, Deutsche seeks entry of an order and judgment against the Lynds providing for the foreclosure of the mortgage lien encumbering the Property, as evidenced by the Loan; awarding Deutsche its debt, damages, and costs; and further providing that the Property shall be sold at public auction in accordance with the requirements of Texas Property Code Chapter 51 in satisfaction of such judgment.

All conditions precedent to Deutsche's right to enforce the Loan and to obtain the relief requested herein have been performed or occurred.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant/Counter Plaintiff DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN

TRUST 2005-OPT3, ASSET-BACKED CERTIFICATES, SERIES 2005-OPT3, prays that the Lynds take nothing by this suit, and that Deutsche go hence and recover costs on its behalf expended, as well as an order for judicial foreclosure, and other and future relief as to which Deutsche may be justly entitled. Deutsche further requests that a judgment be rendered in favor of Deutsche including the following relief:

a. an order to foreclose upon the lien evidenced by the Security Instrument and ordering the sale of the Property;

b. interest accrued and accruing through the date of judgment as provided under the Loan.

c. post-judgment interest on all such amounts as permitted by law from the date of judgment until satisfied at the rate allowed by law; and

d. all such other relief, whether at law or in equity, to which Deutsche may be justly entitled.

Respectfully submitted,

**DYKEMA COX SMITH**

*/s/ Brett W. Schouest*
Brett W. Schouest (17807700)
bschouest@dykema.com
DYKEMA COX SMITH
Weston Centre
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Fax: (210) 226-8395

Gemma R. Galeoto (24061047)
ggaleoto@dykema.com
DYKEMA COX SMITH
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas 75201

Telephone: (214) 462-6400
Fax: (214) 462-6401

**ATTORNEYS FOR DEFENDANT/COUNTER PLAINTIFF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2005-OPT3, ASSET-BACKED CERTIFICATES, SERIES 2005-OPT3, AND OCWEN LOAN SERVICING, LLC**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Defendant's Motion for Summary Judgment and Brief in Support was filed on October 18, 2016 and delivered via the court's ECF system to all parties of record.

*/s/ Gemma R. Galeoto*
Gemma R. Galeoto